**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Devin Andrich, | No. CV-17-00173-TUC-RM |
| Plaintiff, | **ORDER** |
| v. |  |
| Kevin Dusek, et al., |  |
| Defendants. |  |

Pending before the Court is Defendants' "First Motion for Extension of Time of Deadlines" (Doc. 92), Plaintiff's "Motion to Strike Reply to Response to Motion" (Doc. 97), and Defendant's "Motion to Supplement Defendants' Reply to Plaintiff's Response to Their Motion for Extension of Time (Doc. 108). Also before the Court is a dispute as to whether Plaintiff may depose Defendant Charles Ryan, the Director of the Arizona Department of Corrections.

**I.      Background**

Plaintiff was formerly incarcerated at the Arizona State Prison Complex. (Doc. 74.) In his fourteen-count Second Amended Complaint, Plaintiff alleges numerous violations of his constitutional rights stemming from the conditions in which he was confined while incarcerated. (*Id.*) Named defendants include several correctional officers, including sergeants, as well as Arizona State Prison Complex Warden Alfred Ramos and Arizona Department of Corrections Director Charles Ryan. (*Id.*) Defendants pled numerous affirmative defenses, including Plaintiff's alleged failure to exhaust administrative

remedies and qualified immunity. (Docs. 76, 82.) The Court's December 3, 2018 Scheduling Order (Doc. 84) provided for discovery to end on May 31, 2019.

**II. Motion for Extension of Time (Doc. 92)**

On May 29, 2019, Defendants filed a Motion for Extension of Time (Doc. 92), seeking extensions of deadlines established in the Court's December 3, 2018 Scheduling Order (Doc. 84.) Defendants request a thirty-day extension of the deadlines to complete discovery, file dispositive motions, and file a joint proposed pretrial order. (Doc. 92.)[1] Plaintiff responds by apparently requesting a longer extension, stating that "Defendants' proposal offers no window for the parties to resolve discovery disputes"; however, Plaintiff does not propose an alternative timeline. (Doc. 93.) As good cause exists for an extension of the deadlines to complete discovery, file dispositive motions, and file a joint proposed pretrial order, and Plaintiff does not oppose an extension of the deadlines, the Court will grant Defendants' Motion for Extension of Time (Doc. 92).

**III. Motion to Strike Reply (Doc. 97) and Motion to Supplement Reply (Doc. 108)**

On May 30, 2019, the parties and the Court's law clerk held a telephonic conference to discuss a dispute as to the deposition of Director Ryan. At that time, Defendants' "Motion for Extension of Time" (Doc. 92) for discovery was pending before the Court. During the telephonic conference, the parties represented to the Court that the dispute as to Director Ryan's deposition was ready for resolution by the Court without further briefing. Nevertheless, later that day, Plaintiff submitted written argument regarding the disputed deposition of Director Ryan in the form of a "Response to Defendants' Motion for Extension of Time." (Doc. 93.) Defendants then filed a "Reply to Plaintiff's Response to Their Motion for Extension of Time" (Doc. 94), in which they addressed with extended argument the issue of the disputed deposition and requested "the Court to issue a protective order so that Director Ryan not be required to appear for a deposition." (Doc. 94.) Plaintiff

---

[1] Defendants also requested an extension of the deadline to respond to discovery requests (Doc. 92), but the parties subsequently reached an agreement amongst themselves resolving the issue of the discovery response deadline (Doc. 99).

- 2 -

then filed a Motion to Strike Defendants' Reply (Doc. 97), arguing that Defendants' motion for a protective order in the guise of a Reply was procedurally improper. The Motion to Strike generated a Response from Defendants (Doc. 98), a clarification by Plaintiff (Doc. 99), and Plaintiff's Reply to Defendants' Response to the Motion to Strike. (Doc. 100). Defendants subsequently filed a "Motion to Supplement Defendants' Reply to Plaintiff's Response to Their Motion for Extension of Time," in which they present "newly-discovered evidence" relevant to "whether ADC Director Ryan should be required to give a deposition in this case." (Doc. 108.)

The Court will grant Plaintiff's Motion to Strike (Doc. 97) and order Defendants' Reply to Plaintiff's Response to Defendants' Motion for an Extension of Time (Doc 94) stricken. The Court issued a Scheduling Order in this case on December 3, 2018. (Doc. 84). That Order provides instructions for handling discovery disputes in this matter. (*Id* at 4(d)). The Order provides that the parties "shall not file written discovery motions without leave of Court." (*Id*.) It further provides that upon providing a summary of a discovery dispute to the Court's law clerk, the Court may "set a telephonic conference, order written briefing, or decide the dispute without conference or briefing." (*Id*.) In this instance, Defendants have violated the Court's Scheduling Order by submitting extended briefing pertaining to a discovery dispute without prior leave of Court. Defendants' Reply to Plaintiff's Response to Defendants' Motion for an Extension of Time (Doc. 94) will therefore be stricken.

As the Reply (Doc. 94) that Defendants seek to "supplement" in Defendants' Motion to Supplement (Doc. 108) will be stricken, the Motion to Supplement will be denied as moot.

**IV.     Deposition of Charles Ryan**

Plaintiff noticed Director Ryan to appear at a deposition on May 31, 2019, but agreed during the May 30, 2019 telephonic conference to stay that notice pending the Court's resolution of the propriety of the deposition. Plaintiff asserts that he has a right to depose Director Ryan because he is a named defendant. Defendant argues that Director

Ryan should not be made to appear for a deposition because he is a high-ranking government official who does not possess knowledge directly relevant to Plaintiff's action.

### A. Legal Standard

A district court may limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The need to limit the use of subpoenas served on high-ranking government officials was recognized by the Supreme Court in *United States v. Morgan.* 313 U.S. 409, 421-22 (1941). Following *Morgan,* courts have developed limits on depositions of individuals at the "apex" of government or corporate hierarchies, holding that such "apex depositions" may be precluded by the Court under Rule 26(c) where the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Apple Inc. v. Samsung Elecs.* Co., 282 F.R.D. 259, 263 (N.D. Cal. 2012). The Ninth Circuit has noted, in particular, that "[h]eads of government agencies are not normally subject to deposition." *Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979) (citing *Peoples v. U.S. Dep't of Agric.,* 427 F.2d 561, 567 (D.C. Cir. 1970)).

On the other hand, courts may allow depositions of top government officials "where the official has first-hand knowledge related to the claim being litigated." *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007). *See, e.g.*, *Union Sav. Bank of Patchogue, N.Y. v. Saxon*, 209 F. Supp 319, 319-20 (D.D.C. 1962) (directing the Comptroller of Currency to submit to deposition where plaintiff alleged, on information and belief, that he was personally involved in the challenged agency decision); *Am. Broad. Cos. v. US. Info. Agency,* 599 F. Supp. 765, 769 (D.D.C. 1984) (ordering Director of United States Information Agency to sit for a deposition for questioning regarding relevant documents the Director himself created).

In addition to personal knowledge, courts allowing the deposition of top government officials have also generally required "a showing that the information gained from such deposition is not available through any other source." *Church of Scientology of Bos. v. I.R.S.,* 138 F.R.D. 9, 12-13 (D. Mass. 1990). Although there may be "no absolute

requirement that a party exhaust all alternative, 'less burdensome' means of discovery before proceeding with the deposition of a high ranking government official," *Eng v. City of Los Angeles,* No. CV 05-2686 MMM, 2007 WL 9729101 at *9 (C.D. Cal. Apr. 5, 2007), the Court discerns a general principle requiring a litigant seeking to depose a high-ranking official to first make a good-faith attempt to obtain the information elsewhere.

For example, in *Bogan v. City of Boston,* the First Circuit affirmed the district court's issuance of a protective order precluding the deposition of the Mayor of Boston, even though it was alleged that the Mayor had particularized knowledge relevant to the suit against him. 489 F.3d 417, 423-24 (1st Cir. 2007). In that case, plaintiffs alleged that the Mayor ordered plaintiffs' home be subjected to a city inspection as part of a scheme to force plaintiffs to sell their property to benefit an economic development project. *Id.* at 421. In support of their bid to depose the Mayor, plaintiffs offered written evidence of his personal involvement in the form of a note written by a city inspector to the effect that the inspection had been ordered by the Mayor's office. *Id.* at 423. Notwithstanding this evidence of the Mayor's personal involvement, the court found that the plaintiffs' "argument founder[ed] because they did not pursue other sources to obtain relevant information before turning to the Mayor." *Id.* at 424. In particular, the court noted that plaintiffs "failed to pursue discovery from . . . any of the Mayor's aides. It is certainly likely that at least one of these employees was involved and could have clarified the Mayor's role." *Id.*

Synthesizing the above cases, the Court concludes that two considerations should guide the decision as to whether Director Ryan should be subject to deposition. First, the Court must consider whether Director Ryan has personal knowledge of facts relevant to the instant action. Second, the Court must also consider whether Plaintiff, as the party seeking to depose Director Ryan, has made a good faith effort to seek the information from other reasonably available sources. *See Apple Inc.,* 282 F.R.D. at 263 ("In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the

party seeking the deposition has exhausted other less intrusive methods.") (citations omitted); *see also Coleman v. Schwarzenegger*, Nos. CIV S-90-0520 LKK JFM P, C01-1351 TEH, 2008 WL 4300437, at *3 (E.D. Cal. Sept. 15, 2008) (considering both "the personal knowledge of facts" of the official to be deposed and whether "such information cannot be obtained by other means.")

### B. Discussion

Here, the Court finds that Plaintiff has adequately alleged that Director Ryan has first-hand knowledge related to the claims against him. This Court previously dismissed as futile Plaintiff's official capacity claims against Director Ryan but found that Plaintiff's claims in Counts Thirteen and Fourteen adequately stated claims against Director Ryan in his personal capacity. (Doc. 73.) Those claims allege that Director Ryan "has issued instructions through the ADC chain of command or directly to officers" both "to withhold long-sleeve shirts, sweaters, stocking caps or coats . . . when inmates participate in out-of-cell recreation time in freezing or near freezing temperatures" (Doc. 66-1, ¶ 165), as well as to the effect "that inmates housed in detention/segregation units shall have cells with constant illumination twenty-four (24) hours a day, seven (7) days a week." (*Id.* ¶ 175.) Director Ryan clearly has knowledge of facts directly related to these allegations, which concern his own personal involvement in plaintiff's alleged mistreatment. In further support of his allegation that he suffered unconstitutional conditions of confinement at the direction of Director Ryan, Plaintiff has offered an "Arizona Department of Corrections Inmate Grievance Appeal Response," apparently signed by Director Ryan and upholding the decision to have plaintiff placed in segregation. (Doc. 97-1).

The Court, however, finds that Plaintiff has not at this time adequately pursued readily available alternative sources for information related to Director Ryan's orders regarding plaintiff's conditions of confinement. The parties have already agreed upon a framework for the deposition of five other government officials, including the warden and a sergeant at Arizona State Prison Complex, where plaintiff was formerly incarcerated. (Doc. 99). Plaintiff also states that the parties have agreed upon a timeline for service of

written discovery responses, including written responses to interrogatories previously served on Director Ryan. (*Id.*) The Court therefore finds that it appropriate to issue a protective order under Rule 26(c) to preclude the deposition of Director Ryan at this stage of the litigation. Plaintiff is directed to make every effort to obtain the necessary information regarding Director Ryan's role in the alleged mistreatment of Plaintiff through the upcoming depositions and written discovery. If, after further discovery, Plaintiff still believes that deposing Director Ryan is necessary, Plaintiff is directed to file a written motion for the Court's consideration explaining what information is sought and why it cannot be obtained elsewhere.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Extension of Time (Doc. 92) is **granted.** Deadlines from the Court's Scheduling Order (Doc. 84) are extended as follows:

1. The deadline for completion of discovery is extended to **July 12, 2019**.
2. The deadline for filing dispositive motions is extended to **August 12, 2019**.
3. The deadline for filing a joint proposed pretrial order is thirty (30) days after resolution of any dispositive motions filed or, if no such motions are filed, **August 26, 2019**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Doc. 97) is **granted.** The Clerk of Court shall Strike "Defendant's Reply to Plaintiff's Response to Their Motion for Extension of Time" (Doc. 94) from the record.

**IT IS FURTHER ORDERED** that Defendants' Motion to Supplement Defendants' Reply to Plaintiffs' Response to Their Motion for Extension of Time (Doc. 108) is **denied** as moot.

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that Plaintiff's Notice to Director Ryan to appear for a deposition is **vacated**. After reviewing other sources of discovery, if Plaintiff still wishes to depose Director Ryan, he shall file a request via written motion for this Court's consideration. Such motion shall lay out with specificity (1) the information sought to be obtained from a deposition of Director Ryan and (2) the other avenues for obtaining this information that Plaintiff has already pursued.

Dated this 1st day of July, 2019.

_____
Honorable Rosemary Márquez
United States District Judge