**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Devin Andrich,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Kevin Dusek, et al.,<br><br>　　　　Defendants. | No. CV-17-00173-TUC-RM<br><br>**ORDER** |

Pending before the Court is Defendants' Motion for Reconsideration. (Doc. 131.) Defendants move for reconsideration or clarification of the Court's previous Order resolving a dispute as to whether Plaintiff could compel Charles Ryan, the director of the Arizona Department of Corrections, to sit for a deposition. (*Id.*) Defendants seek reconsideration or clarification of the Court's statement that Defendant Ryan possesses "knowledge of facts directly related to" Plaintiff's allegations. (Doc. 131.) Defendants "do not seek reconsideration of any other aspects of the Court's Order, nor its ultimate conclusion." (*Id.*) The Court denies Defendants' Motion for Reconsideration, but grants Defendants' request for clarification to the extent that the discussion herein clarifies the Court's previous Order. (Doc. 122.)

The Court previously granted Defendants' Motion to Dismiss as to Plaintiff's official capacity claims against Director Ryan but denied Defendants' Motion to Dismiss as to claims construed as against Director Ryan in his personal capacity. (*Id.*) (discussing Doc. 73 at 6-8.)

While there is no *respondeat superior* liability under § 1983, supervisors may be held liable "when culpable action, or inaction, is directly attributed to them." *Starr v. Baca,* 652 F.3d 1202, 1205 (9th Cir. 2011). There must be a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* at 12017 (quoting *Hansen v. Black,* 885 F.2d 642, 646 (9th Cir. 1989.)) "[T]he supervisor's participation could include his own culpable action or inaction in the training, supervision, or control of his subordinates, his acquiescence in the constitutional deprivations of which the complaint is made, or conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1207-08.

The Court declined to dismiss Plaintiff's claims against Director Ryan, construed as claims against him in his personal capacity, finding that he "adequately alleged that Ryan 'set[] in motion a series of acts by others . . . which [he] knew or reasonably should have known would cause others to inflict a constitutional injury.'" (Doc. 73) (quoting *Starr,* 652 F.3d at 1207-08). Alternatively, the Court found that Plaintiff "adequately alleged that Ryan is culpable for action relating to 'the training, supervision, or control of his subordinates' or for 'conduct that showed a reckless or callous indifference to the rights of others.'" (*Id.*) Plaintiff subsequently restated these allegations in his Second Amended Complaint (SAC). (Doc. 74.)

In discussing the legal standard governing the dispute regarding the deposition of Director Ryan, the Court noted that depositions of top government officials may be allowed where the official "has first-hand knowledge related to the claim being litigated." (*Id.*) (quoting *Bogan v. City of Boston,* 489 F.3d 417, 423 (1st Cir. 2007). The Court explained that, since the remaining claims against Director Ryan are solely in his personal capacity, "Director Ryan clearly has knowledge of facts directly related to these allegations" since the allegations "concern his own personal involvement in plaintiff's alleged mistreatment." (Doc. 122.)

Defendants argue that this observation was "clear error" and constitutes a finding that was "manifestly unjust." (Doc. 131.) The Court clarifies that its previous statement,

made in the context of a discovery dispute, was not a finding of fact that would preclude Defendants from later "presenting evidence, consistent with his filings throughout this case, that he knew nothing about the conditions" of Plaintiff's confinement. (Doc. 131.) Rather, the Court's observation that Director Ryan necessarily "has knowledge of facts" related to allegations against him made solely in his personal capacity merely follows logically from the nature of the personal capacity allegations made. Plaintiff's SAC alleged, *inter alia,* that Director Ryan issued instructions through the Department's chain of command that caused Plaintiff to be subjected to unconstitutional conditions of confinement. (Doc. 74 ¶¶ 165, 174.) And the Court previously found that Plaintiff's previously amended Complaint (Doc. 40), which contained less supporting factual material than his SAC, "adequately alleged that Ryan 'set[] in motion a series of acts by others . . . which [he] knew or reasonably should have known would cause others to inflict a constitutional injury.'" (Doc. 73.)

It follows that Director Ryan possesses relevant knowledge, but not that such knowledge necessarily bolsters Plaintiff's claims. Rather, the knowledge could well be in the negative; Director Ryan may possess knowledge of facts tending to show that he did not issue the instructions and set in motion the series of acts as alleged. Either way, the Director would have first-hand knowledge and this consideration is relevant to whether Plaintiff may compel his deposition. This differs from instances in which a subpoenaed agency head is named merely in his official capacity and may not have personal knowledge of the claims at issue. *See Green v. Baca,* 226 F.R.D. 624, 649 (C.D. Cal. 2005), *order clarified*, No. CV-02-204744MMMMANX, 2005 WL 283361 (C.D. Cal. Jan 31, 2005) (noting in claim brought for unconstitutional implementation of department policies *in toto* that "unlike other official capacity suits, it cannot be said that [Sheriff] has no personal knowledge of the facts at issue.")

Defendants also urge that the Court improperly "relied on an Exhibit from Andrich's Motion to Strike." (Doc. 131.) The Exhibit mentioned was an "Arizona Department of Corrections Inmate Grievance Appeal Response." (Doc. 122.) Defendants argue that it was

improper for the Court to consider the grievance form because it relates to Plaintiff's placement in segregation, rather than directly to the conditions of his confinement in segregation. (Doc. 131.) Defendants also argue that the form should not be considered because it was "signed for" Director Ryan and not by him personally. (Doc. 131.) The Court reiterates that its previous discussion of the grievance form was merely "[i]in further support of" its independent conclusion that Defendant Ryan would have personal knowledge as to his own personal involvement in Plaintiff's allegations, as discussed above. (Doc. 122.)

In summation, the Court's observation that Director Ryan has "knowledge of facts" related to the personal capacity allegations against him is not a factual finding as to the merits of those allegations and of course in no way precludes the later introduction of evidence "to show that [Director Ryan] was unaware of Andrich's objections to his conditions of confinement at a time when he could have intervened." (Doc. 131.) Defendants remain free to file a Motion for Summary Judgment and to introduce evidence in support of that Motion.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Reconsideration (Doc. 131) is **denied**, but the request for clarification is granted to the extent this Order clarifies the Court's previous Order. (Doc. 122.)

Dated this 13th day of August, 2019.

_____
Honorable Rosemary Márquez
United States District Judge