**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Devin Andrich, | No. CV-17-00173-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Keith Dusek, | |
| Defendant. | |

Pending before the Court are Defendant Keith Dusek's Motion in Limine re: Spoliation (Doc. 400), Plaintiff Devin Andrich's Request for Order to Show Cause (Doc. 410), and Plaintiff's Request for Judicial Notice (Doc. 414).

## I.   Motion in Limine re: Spoliation

Defendant moves (1) to preclude Plaintiff from arguing or offering testimony or evidence that Defendant or anyone at the Arizona Department of Corrections ("ADC") spoliated any evidence, and (2) to preclude Plaintiff from seeking to draw an adverse influence from the absence of form 804-3 Individual Inmate Detention Records (a.k.a. "pod sheets") being offered at trial.  (Doc. 400.)  Plaintiff filed a Response in opposition (Doc. 412) and later filed a supplemental Response (Doc. 415).

### A.   Background

Plaintiff previously filed a Motion for Spoliation Sanctions, asserting that Defendant Dusek and prior Defendants intentionally withheld and destroyed form 804-3 records of Plaintiff's opportunities to shower and exercise while in the detention unit.

(Doc. 257.)  Plaintiff cited to deposition testimony indicating the records are retained in hard copy for approximately two years after an inmate is moved from the detention unit to the general population, and he argued that Defendants had notice of his claims in this lawsuit within two years of his transfer from the detention unit.  (*Id.*)  Plaintiff asked the Court to sanction Defendants by striking Defendants' Motion for Summary Judgment and entering default against Defendants on certain counts, or alternatively instructing the jury that Defendants had destroyed evidence that "would show that Defendants' staff required Plaintiff either to accept out-of-cell recreation time in freezing temperatures without a sweater, jacket or stocking cap, or forfeit his out-of-cell recreation time."  (*Id.* at 20.)  Defendants' Response to Plaintiff's Motion for Spoliation Sanctions argued that Plaintiff's Motion was untimely and that the form 804-3 records are irrelevant and would not have altered the Court's summary judgment ruling.  (Doc. 262.)

On January 21, 2021, the Court denied Plaintiff's Motion for Spoliation Sanctions. (Doc. 273.)  The Court found that the form 804-3 records would not have changed its summary judgment ruling, that Plaintiff had failed to explain his delay in moving for spoliation sanctions, and that Plaintiff had failed to show that Defendants or defense counsel had acted willfully or in bad faith.  (*Id.* at 4-6.)

## B.    Discussion

Defendant argues that, based on the findings of the Court's January 21, 2021 Order, Plaintiff should not be allowed to elicit testimony or offer evidence to suggest that the form 804-3 records were improperly or culpably destroyed.  (Doc. 400 at 1-2.) Defendant further argues that Plaintiff should not be permitted to seek an adverse inference instruction or to argue to the jury that ADC "employees and/or Defendant were hiding information by not producing and/or by routinely destroying the pod sheets."  (*Id.* at 2.)  Defendant argues that an adverse inference is improper here because he had no responsibility or authority to maintain the form 804-3 records.  (*Id.* at 2-3.)

In response, Plaintiff argues that there is no dispute that either Dusek or former Defendants destroyed or otherwise failed to preserve Plaintiff's form 804-3 records

despite actual knowledge of this lawsuit.  (Doc. 412 at 4, 8.)  Plaintiff further argues that the Court should issue adverse inference instructions regarding the "adverse action" and "chilling effect" elements of his First Amendment retaliation claim due to the suppression or destruction of the form 804-3 records and Defendant's failure to produce a November 24, 2015 email allegedly sent by Dusek to the prison mental health department.[1]  (*Id.* at 7-9.)  Plaintiff avers that he will not seek to argue that Dusek destroyed Plaintiff's form 804-3 records.  (*Id.* at 9.)  However, he argues that Dusek knew to preserve the records when he was served with Plaintiff's lawsuit, and he failed to ensure the records' preservation.  (Doc. 415.)

"A federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence," including instructing the "jury to draw an adverse inference from the destruction or spoliation against the party or witness responsible for that behavior."  *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993).  Adverse inference instructions are supported by two rationales, one evidentiary and one prophylactic.  *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991).  From an evidentiary perspective, "a party who has notice that a document is relevant to litigation and who proceeds to destroy the document is more likely to have been threatened by the document than is a party in the same position who does not destroy the document."  *Id.*  From a prophylactic perspective, "[a]llowing the trier of fact to draw [an adverse] inference presumably deters parties from destroying relevant evidence before it can be introduced at trial."  *Id.*  "[A] finding of 'bad faith'" supports an adverse inference instruction but "is not a prerequisite."  *Glover*, 6 F.3d at 1329.  However, if there is no showing of bad faith and no showing that the evidence was destroyed in response to the litigation, an adverse inference instruction is improper.  *See Akiona*, 938 F.2d at 161.

The only claim remaining in this case is Plaintiff's First Amendment retaliation claim; Plaintiff's Eighth Amendment claims relating to the conditions of confinement he

---

[1] Defendant's alleged failure to produce the November 24, 2015 email is the subject of Plaintiff's Request for Order to Show Cause (Doc. 410), discussed below.

faced in the detention unit were dismissed on summary judgment. (*See* Docs. 255, 275.) The Court has found that the conditions of confinement that Plaintiff encountered in the detention unit are relevant to the "adverse action" and "chilling effect" elements of Plaintiff's First Amendment retaliation claim. (Doc. 255 at 29, 31-32; Doc. 323 at 4.) However, Plaintiff can testify to those conditions and can offer evidence regarding the ADC policies that mandated those conditions.

The probative value of the form 804-3 records to elucidate the conditions of confinement in the detention unit is limited—the records would show when Plaintiff was offered out-of-cell recreation time, and Plaintiff asserts that the records could be cross-referenced with some objective record of outdoor temperatures to show that Plaintiff was offered out-of-cell recreation time during cold weather. (*See* Doc. 263 at 3-4; Doc. 273 at 5.) Absent any actual conflict at trial concerning the conditions of confinement in the detention unit, such a convoluted, time-intensive method of introducing conditions-of-confinement evidence would be inadmissible based on Federal Rule of Evidence 403 concerns, including undue delay, wasting time, and needlessly presenting cumulative evidence. The probative value of evidence of the form 804-3 records would be higher if Defendant presents testimony or evidence contradicting Plaintiff's testimony and evidence concerning a lack of access to warm clothing during out-of-cell recreation time in cold weather. However, at this time, the Court has no reason to suspect that Defendant will present such evidence.

Accordingly, Defendant's Motion in Limine re: Spoliation will be granted to the extent that Plaintiff will be precluded from arguing or offering testimony that anyone at the ADC destroyed or failed to preserve Plaintiff's form 804-3 records. Furthermore, the Court is not inclined to give an adverse inference instruction based on the destruction of Plaintiff's form 804-3 records.[2]  However, the Court may revisit this ruling depending on

---

[2] With respect to an adverse inference instruction, the Court notes that the evidence of record indicates the ADC routinely destroyed form 804-3 records after a certain period. The Court found in its January 21, 2021 Order that there is no evidence that Defendants acted willfully or in bad faith in destroying the records. (Doc. 273 at 5-6.) However, it is not clear whether ADC employees destroyed Plaintiff's form 804-3 records after the ADC had received notice of Plaintiff's lawsuit in this case, and Defendant has offered

1    the nature of the testimony and evidence presented at trial.

2    **II.    Request for Order to Show Cause**

3          Plaintiff asks the Court to order Defendant Dusek and the Arizona Attorney

4    General's Office to show cause why the Court should not hold them in civil contempt

5    based on Defendant's failure to produce an email concerning Plaintiff that Dusek

6    allegedly sent to the prison mental health department on November 24, 2015.  (Doc. 410.)

7    Plaintiff argues that Dusek indicated in a November 24, 2015 Information Report that he

8    had sent the email to the mental health department, but that Defendant has refused to

9    disclose the email to Plaintiff.  (*Id.*)  Plaintiff argues that Defendant's failure to disclose

10   the email violates the Court's Scheduling Order, which reminds the parties of their duty

11   under Federal Rule of Civil Procedure 26(e) to supplement all Rule 26(a) disclosures and

12   discovery responses.  (*Id.* at 8-10.)  Plaintiff further argues that Rule 26(a)(1)(A) requires

13   a party, "without awaiting a discovery request," to provide to the other parties a copy or

14   description of all evidence "that the disclosing party has in its possession, custody, or

15   control and may use to support its claims or defenses unless the use would be solely for

16   impeachment."  (*Id.* at 9.)

17         Plaintiff's Request for Order to Show Cause raises a discovery dispute.  Discovery

18   closed nearly three years ago.  (Doc. 133.)  The Court's Scheduling Order states: "Absent

19   extraordinary circumstances, the Court will not entertain discovery disputes after the

20   deadline for completion of discovery."  (Doc. 84 at 3.)  Plaintiff does not explain why he

21   waited until days before a firm trial date to bring this discovery dispute to the Court's

22   attention.  He certainly has not presented any extraordinary circumstances showing why

23   the Court should entertain this discovery dispute at such a late juncture.  Furthermore,

24   Plaintiff fails to identify any specific discovery request to which the November 24, 2015

25   email would be responsive.   Rule 26(a)(1)(A) requires certain disclosures without

26   awaiting a discovery request, but only with respect to evidence that the disclosing party

27   may use to support its claims or defenses.  Fed. R. Civ. P. 26(a)(1)(A)(ii).  There is no

28

little information regarding the ADC's failure to preserve Plaintiff's form 804-3 records.

indication that Defendant intends to use the November 24, 2015 email to support his defenses, and therefore disclosure of the email was not required under Rule 26(a)(1)(A). Plaintiff's Request for Order to Show Cause will be denied.

**III.      Request for Judicial Notice**

Plaintiff requests that the Court take judicial notice of ADC Department Order 804-3.  (Doc. 414.)  In a previous Motion, Plaintiff also requested that the Court take judicial notice of ADC Department Orders 704, 805, and 909.  (Doc. 402.)  At a pretrial conference held on April 18, 2022, the Court found that ADC policies such as the department orders at issue are an appropriate subject of judicial notice.  *See* Fed. R. Evid. 201(b); *Mangiaracina v. Penzone*, 849 F.3d 1191, 1193 n.1 (9th Cir. 2017); *United States v. Thornton*, 511 F.3d 1221, 1229 n.5 (9th Cir. 2008).  However, the Court noted that Plaintiff would need to lay foundation for and establish the relevance of the ADC Department Orders.  Upon further reflection after the pretrial conference, the Court determined that Plaintiff should seek to introduce the ADC Department Orders into evidence as exhibits at trial.  To do so, Plaintiff must lay foundation and establish relevance.  If any issues arise regarding the introduction of the policies into evidence, the Court may re-visit the issue of judicial notice.

**IT IS ORDERED** that Defendant's Motion in Limine re: Spoliation (Doc. 400) is **granted**.  However, the Court may re-visit this ruling depending on the nature of the evidence and testimony presented at trial.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Order to Show Cause (Doc. 410) is **denied**.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

1    **IT IS FURTHER ORDERED** that Plaintiff's Request for Judicial Notice (Doc.
2    414) is **denied without prejudice**.

3    Dated this 27th day of April, 2022.

4

5

6

7    _____
8    Honorable Rosemary Márquez
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28