**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Devin Andrich,<br><br>    Plaintiff,<br><br>v.<br><br>Keith Dusek,<br><br>    Defendant. | No. CV-17-00173-TUC-RM<br><br>**ORDER** |

On May 5, 2022, a jury rendered a verdict in favor of Defendant Keith Dusek on Plaintiff Devin Andrich's First Amendment retaliation claim. (Doc. 440.) The Clerk entered judgment on May 6, 2022. (Doc. 444.) Pending before the Court is Plaintiff's Renewed Motion for Judgment as a Matter of Law or Motion for New Trial. (Doc. 458.) Defendant filed a Response (Doc. 461), and Plaintiff filed a Reply (Doc. 464). For the following reasons, the Motion will be denied.[1]

**I. Renewed Motion for Judgment as a Matter of Law**[2]

During trial, Plaintiff orally moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) on his First Amendment retaliation claim. (Doc. 453 at 114-115.) Plaintiff argued that the evidence presented at trial showed that Defendant acted under the color of state law and that Plaintiff engaged in activity protected by the First Amendment. (*Id.* at 115.) The Court denied the oral Rule 50(a)

---

[1] The Court finds that the Motion is suitable for decision without oral argument.
[2] As the parties are familiar with the facts of this case, the Court discusses only those facts pertinent to the pending Motion.

Motion. (*Id.* at 115.)

In his Rule 50(b) Renewed Motion for Judgment as a Matter of Law, Plaintiff argues that the trial evidence shows: (1) he engaged in protected conduct, as the Court instructed the jury to find; (2) Defendant took an adverse action against him by sending him to a detention cell; (3) Plaintiff's protected conduct was a substantial or motivating factor behind Defendant's actions; (4) Defendant's conduct chilled Plaintiff's First Amendment rights; and (5) Defendant's conduct did not reasonably advance a legitimate correctional goal. (Doc. 458 at 2-14.) With respect to causation, Plaintiff argues that he presented circumstantial evidence of retaliatory motive by showing a proximity in time between his protected conduct and Defendant's decision to send him to a detention cell, by showing that Defendant expressed opposition to his protected conduct by denying his request for a transfer from the Catalina Unit to the Whetstone Unit, and by showing that Defendant's proffered reasons for his actions were pretextual. (*Id.* at 6-12.) Plaintiff argues that he established pretext by presenting evidence that Defendant withheld, during the Department Order 805 review process, information concerning an email he had sent to the Whetstone Unit concerning Plaintiff's request to be transferred back to that unit, as well as the fact that the Whetstone Unit had agreed to accept Plaintiff back. (*Id.* at 10-12.)

In response, Defendant argues that Plaintiff is not entitled to judgment as a matter of law because he has not shown that the trial evidence conclusively established every element of his claim. (Doc. 461 at 1-5.) In particular, Defendant argues that the evidence does not conclusively establish causation, because ample evidence shows Defendant "was motivated by safety concerns and the dictates of policy rather than retaliatory animus." (*Id.* at 2-4.)[3]

. . . .

---

[3] In reply, Plaintiff argues that Defendant violated Department Order 805 by sending Plaintiff to a detention unit but not interviewing him within one business day. (Doc. 464 at 1-3.) The Court declines to consider this argument because it was raised for the first time in Plaintiff's Reply and Defendant therefore had no opportunity to respond to it. *See Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) ("Issues raised for the first time in [a] reply brief are waived.").

### A. Legal Standard

A party may move for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) before a case is submitted to the jury. A Rule 50(a) motion for judgment as a matter of law must "specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2).

A party may renew a motion for judgment as a matter of law under Rule 50(b) no later than 28 days after the entry of judgment in a jury trial. Fed. R. Civ. P. 50(b). "[A] party cannot raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion." *OTR Wheel Eng'g, Inc. v. West Worldwide Servs., Inc.*, 897 F.3d 1008, 1016 (9th Cir. 2018) (internal quotation marks omitted).

"The test [on a Rule 50(b) motion] is whether the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury." *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 604 (9th Cir. 2016) (internal quotation marks omitted)). In considering a Rule 50(b) motion, the court "must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018) (internal quotation and alteration marks omitted)). In ruling on a Rule 50(b) motion, the court may "(1) allow judgment on the verdict . . . ; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." Fed. R. Civ. P. 50(b).

### B. Discussion

As an initial matter, Plaintiff's Rule 50(b) Renewed Motion for Judgment as a Matter of Law raises arguments not made in Plaintiff's oral Rule 50(a) Motion. Furthermore, even considering the newly raised arguments, Plaintiff has not shown that he is entitled to judgment as a matter of law. Though the jury could have reached a verdict in Plaintiff's favor based on the evidence presented at trial, the jury was not required to do so.

There was sufficient evidence presented at trial from which the jury reasonably could have concluded that Defendant's conduct was motivated not by retaliatory animus but by concern for Plaintiff's safety and the dictates of Department Order 805.  Although the proximity in time between Plaintiff's grievances and Defendant's conduct is circumstantial evidence from which the jury may have logically been able to infer retaliatory motive, *see Dawson v. Entek Int'l*, 630 F.3d 928, 937 (9th Cir. 2011), it is not conclusive evidence requiring a finding of retaliatory motive.  In addition, the jury reasonably could have concluded that Defendant's denial of Plaintiff's transfer request was just that—a denial of a transfer request—rather than opposition to Plaintiff's grievances.

Furthermore, the jury reasonably could have found that Defendant's proffered reasons for his actions were credible.  Plaintiff sent Defendant a letter expressing concern that his placement in the Catalina Unit would cause inmates in the Whetstone Unit to conclude that he had ratted on them or voluntarily entered protective custody. (Doc. 463-2 at 5 (Plaintiff's Trial Exhibit 16).)  Defendant testified that he received the letter on November 24, 2015, and interviewed Plaintiff regarding the letter that same day.  (Doc. 453 at 37-38, 46-48, 93-94.)  Defendant further testified that he was concerned Plaintiff was in danger on the Catalina Unit based on what Plaintiff stated in the letter and during the interview; that prison policy requires an employee to begin the 805 review process if the employee becomes aware that an inmate is in danger; and that Department Order 805 mandates that an inmate be sent to the detention unit while he is under 805 review.  (*Id.* at 48, 61, 93-97, 100, 105.)  Defendant also testified that he did not consider information about the email he had sent to the Whetstone Unit regarding Plaintiff's transfer request to be relevant to the safety concerns raised in Plaintiff's letter.  (*Id.* at 49, 54.)  Deputy Warden Eric Hall similarly testified that information regarding a potential transfer to the Whetstone Unit was not relevant to the protective custody issue because Plaintiff's letter expressed concern that inmates at Whetstone would perceive him as a rat, and therefore Hall would not have approved a transfer to Whetstone.  (*Id.* at 136-137.)  Furthermore,

Protective Custody Administrator Marlene Coffey testified that an inmate cannot direct which unit he will accept as an alternative placement to protective custody. (Doc. 453 at 143.) Coffey also testified that Plaintiff's 805 packet complied with prison policy. (*Id.* at 159.)

The jury could have reasonably credited the above testimony and found that it supports Defendant's proffered reasons for placing Plaintiff in a detention unit—namely, concern for Plaintiff's safety and the requirements of Department Order 805. In addition, the jury reasonably could have concluded, based on the above testimony and other evidence presented at trial, that Defendant's actions served legitimate penological goals—namely, promoting inmate safety through the application of Department Order 805. Accordingly, Plaintiff has not shown that the evidence, viewed in the light most favorable to Defendant, permits only one reasonable conclusion and that the jury's verdict is contrary to that conclusion. *See Estate of Diaz*, 840 F.3d at 604. Plaintiff's Renewed Motion for Judgment as a Matter of Law will be denied.

## II. Motion for New Trial

In his Motion for New Trial, Plaintiff argues that he is entitled to a new trial because the jury's verdict was against the weight of the evidence and because Defendant falsely testified that he provided Plaintiff all documents relevant to the 805 review even though he withheld a November 24, 2015 email to the prison mental health department concerning Plaintiff. (Doc. 458 at 14-17.) Defendant argues that Plaintiff "cites virtually no evidence" and offers no on-point arguments to show that the jury's verdict was against the weight of the evidence. (Doc. 461 at 5.) Defendant further argues that Plaintiff's "blatant[] misrepresent[ation]" of a "stale discovery dispute" does not support his request for a new trial. (*Id.* at 6-7.) In reply, Plaintiff argues that, because Defendant testified he provided all emails pertaining to the 805 review to Plaintiff, "the jury mistakenly believed" that it had all relevant emails during its deliberations. (Doc. 464 at 3-4.)

### A. Legal Standard

A court may grant a motion for a new trial under Rule 59 of the Federal Rules of

Civil Procedure "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "Such reasons may include a verdict that is contrary to the clear weight of the evidence, a verdict based upon false or perjurious evidence, or to prevent a clear miscarriage of justice." *Crowley v. Epicept Corp.*, 883 F.3d 739, 751 (9th Cir. 2018) (per curiam) (internal quotation and alteration marks omitted). "The grant of a new trial is 'confided almost entirely to the exercise of discretion on the part of the trial court.'" *Murphy v. City of Long Beach*, 914 F.2d 183, 186 (9th Cir. 1990) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980)).

**B.     Discussion**

In arguing that the verdict is against the weight of the evidence, Plaintiff states that Defendant did not attempt mediation with Plaintiff and violated Department Order 805 procedures by withholding relevant information. (Doc. 458 at 15-16.) However, based on the testimony discussed in Section I(B), *supra*, the jury reasonably could have concluded that information concerning Plaintiff's transfer request to Whetstone was not relevant to Plaintiff's 805 review. Furthermore, Defendant testified that he did not initiate mediation proceedings because Plaintiff did not identify any specific inmates with whom he had issues, and Defendant's understanding of the mediation process was that it involved mediating with other inmates. (Doc. 453 at 66.) Plaintiff has not shown that the jury's verdict is against the clear weight of the evidence.

Nor has Plaintiff shown that he is entitled to a new trial based on Defendant's alleged failure to disclose a November 24, 2015 email to the prison mental health department. Prior to trial but nearly three years after the close of discovery in this case, Plaintiff filed a motion requesting that the Court order Defendant and the Arizona Attorney General's Office to show cause why they should not be held in civil contempt for failing to produce an email that Plaintiff alleged Defendant sent to the prison mental health department on November 24, 2015. (Doc. 410.) The Court denied Plaintiff's request, finding that Plaintiff had not shown why the Court should entertain his discovery dispute at such a late juncture and had further failed to identify any specific discovery

request to which the November 24 email would be relevant. (Doc. 422 at 5-6.)

Plaintiff contends in his Motion for New Trial that he sent Defendant a request for production seeking any emails referencing Plaintiff that were "exchanged between or among Arizona Department of Corrections' staff" and Defendant from October 27, 2015 and September 1, 2017. (Doc. 458 at 16-17; *see also* Doc. 464 at 4.) But Defendant testified at trial that he did not send an email to the mental health department concerning Plaintiff on November 24, 2015; rather, a complex movement officer notified mental health via email. (Doc. 453 at 78.) Furthermore, the jury heard testimony about the email, the Court informed the jury that the email was not part of any of the trial exhibits (*see* Doc. 453 at 78-79), Plaintiff has not raised any grounds for reconsidering this Court's prior conclusion that Plaintiff failed to raise his discovery dispute concerning the email in a timely manner (Doc. 422), and Plaintiff has not shown how the email would have affected the jury's verdict.

**IT IS ORDERED** that Plaintiff's Renewed Motion for Judgment as a Matter of Law or Motion for New Trial (Doc. 458) is **denied**.

Dated this 29th day of July, 2022.

_____
Honorable Rosemary Márquez
United States District Judge